**MIGLIACCIO & RATHOD LLP**
Selin Demir, Esq. (SBN 331418)
Nicholas Migliaccio, *pro hac vice* forthcoming
Jason Rathod, *pro hac vice* forthcoming
388 Market St., Suite 1300
San Francisco, CA 94111
Telephone: (415) 489-7004
Facsimile: (202) 800-2730

Robert Mackey, Esq. (SBN 125961)
Law Offices of Robert Mackey
16320 Murphy Road
Sonora, CA 95370

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNE PAREAS and DANIEL FRIEND, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>APPLE, INC.,<br><br>   Defendant. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>for:<br><br>(1) Violations of California Consumer Legal Remedies Act<br>(2) Violations of California Unfair Competition Law<br>(3) Violations of California False Advertising Law<br>(4) Breach of Express Warranty under the Song-Beverly Consumer Warranty Act<br>(5) Breach of Express Warranty<br>(6) Breach of Express Warranty under the Magnuson-Moss Warranty Act<br>(7) Breach of Implied Warranty under the Song-Beverly Consumer Warranty Act<br>(8) Breach of Implied Warranty<br>(9) Breach of Implied Warranty under the Magnuson-Moss Warranty Act<br>(10) Fraud by Concealment<br>(11) Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

1.      Plaintiffs Daphne Pareas and Daniel Friend ("Plaintiffs") bring this consumer class action for themselves and on behalf of all persons who purchased in the United States, or just in California, an M1 MacBook Air laptop or M1 MacBook Pro laptop (the "Class Laptops"), designed, manufactured, distributed, and sold by Apple, Inc. ("Apple" or "Defendant"). This action seeks to remedy violations of law in connection with Defendant's design, manufacture, marketing, advertising, selling, warranting, and servicing of the Class Laptops.

2.      The Class Laptops are designed and manufactured with an inherent defect that compromises the display screen. During ordinary usage the display screens of the Class Laptops (1) may become obscured with black or gray bars and/or "dead spots" where no visual output is displayed and (2) are vulnerable to cracks that obscure portions of the display (the "Screen Defect"). The appearance of black or gray bars on screen may precede, accompany, or follow cracks in the display glass. These problems often develop while the Class Laptops are closed; many Class Laptop owners have reported that they first observed cracking and/or display malfunction when opening their devices from a closed position. Others report that their screens cracked as they adjusted the screen's viewing angle in an ordinary manner. A reasonable consumer would not expect such activity to damage their device, let alone cause an obscured display and/or a screen crack that impairs its functionality.

3.      Defendant concealed, failed to disclose, or otherwise engaged in deceptive marketing with respect to this defect, particularly with respect to the quality of the Class Laptops' display screen and their overall reliability and durability.

4.      Defendant's marketing materials boast of the Class Laptops' state-of-the-art "Retina display." Among other purported benefits, Defendant touts the "better picture" offered by the "brilliant Retina display" on the Macbook Pro 13" Class Laptop, Apple.com, *available at* https://www.apple.com/macbook-pro-13/ (*last accessed* September 11, 2021), and the "new levels of detail and realism" and "Lifelike colors" of the Retina display on the Macbook Air Class Laptop, Apple.com, *available at* https://www.apple.com/macbook-air/ (*last accessed* September 11, 2021). Defendant also highlights the small-bezel design of the Macbook Air screen, stating: "the display glass goes right to the edge of the enclosure, so nothing takes away from your gorgeous view." Apple.com, *available at* https://www.apple.com/macbook-air/ (*last accessed* September 11, 2021).

5. Defendant's marketing of the Class Laptops also promises superior reliability and durability, proclaiming that both models are "Designed to last," and explaining that "To maximize durability, we assessed the [Class Laptops] in our Reliability Testing Lab, using rigorous testing methods that simulate customers' experiences" and "our products go through rigorous testing before they leave our doors." *13-Inch Macbook Air Product Environmental Report*, Apple.com, *available at* https://www.apple.com/environment/pdf/products/notebooks/13-inch_MacBookAir_PER_Nov2020.pdf (*last accessed* Sep. 11, 2021); *13-Inch Macbook Pro Product Environmental Report*, Apple.com, *available at* https://www.apple.com/environment/pdf/products/notebooks/13-inch_MacBookPro_PER_Nov2020.pdf (*last accessed* Sep. 11, 2021). Defendant's marketing materials for the thin and lightweight Macbook Air extol its superior materials and durability. Per its product webpage, the device is "Thin and Light. Yet rock solid," and its "sturdy aluminum unibody design makes MacBook Air sleek, durable, and ready for anything." *M1 Macbook Air Product Page*, Apple.com (Nov. 10, 2020), *available at* https://www.apple.com/lae/macbookair/index.html (*last accessed* Sep. 11, 2021).

6. Defendant also uniformly represented to consumers that it had years of experience in the manufacture of computers and mobile devices and was in effect an expert in the manufacture, design, and use of computers.

7. Plaintiffs and Class members saw or heard these representations from Defendant about the Class Laptops prior to purchasing their devices and relied on these representations in making their purchases. As a result, many consumers purchased Class Laptops that became practically unusable after months or even days of use.

8. When the Screen Defect manifests it impairs the computer's graphical user interface. As a result, the user's ability to input information into the computer and to view program output (which is to say, the primary modes of user interaction with a computer) is dramatically reduced. Thus, the Defect renders the computer partially or wholly unusable.

9. When Plaintiffs and Class Members have complained to Apple during the term of Apple's standard one-year limited warranty, Apple's "solution" typically involves removing the

defective screen and installing an equally defective replacement. When the screens fail outside of the warranty, Apple charges up to $700 for a replacement screen, which is a temporary fix at best as replacement screens also suffer from the Screen Defect.

10.     The Screen Defect inhibits Class Members' use of their Laptops and requires Class Members to pay for repeated temporary fixes or extended warranties, which Apple knew or should have known are not permanent solutions for the Screen Defect.

11.     Apple's knowledge of the Screen Defect was or should have been apparent from Apple's own pre-release testing, consumer complaints, warranty claim data, repair data, and replacement part sales data. Despite this knowledge, Defendant failed to disclose and actively concealed the Screen Defect from Plaintiffs, Class Members, and the public, and continued to market and advertise the Class Laptops as state-of-the-art premium and durable laptops when in fact normal operation of the Class Laptops often results in catastrophic damage, rendering the devices unusable.

12.     As a result of Apple's misconduct, Plaintiffs and Class Members were harmed and suffered actual damages, including that the Class Laptops contain defective screens, have manifested and continue to manifest the Screen Defect, and that Apple has not provided a remedy for the Screen Defect. Plaintiffs and Class Members have also incurred, and will continue to incur, out-of-pocket unreimbursed costs and expenses related to the Screen Defect.

## PARTIES

13.     Plaintiff Daphne Pareas is a citizen of California residing in Los Altos, California.

14.     On November 27th, 2020, Plaintiff Pareas placed an order on the Apple Online Store for a 13-inch MacBook Air with an M1 chip for $1,127.00, plus shipping costs.

15.     Prior to purchasing her Class Laptop, Plaintiff Pareas read and relied upon Apple's marketing and sales materials on the Apple Online Store concerning its durability and functionality.

16.     On or around early June 2021, cracks began to form on the laptop's screen and were soon accompanied by black bars streaking across the display. Plaintiff had not used the laptop in any manner different from her prior daily routine when the Screen Defect first manifested.

17.     Shortly thereafter, on June 14th, 2021, Plaintiff Pareas visited Mobile Kangaroo in San Jose, CA, an Apple Authorized Service Provider, to explore what repair options were available to her.

During this visit, Plaintiff was told that the damage to her Screen would not be covered by Apple's warranty program. She was quoted a repair cost of $480.00.

18.     For financial reasons, Plaintiff Pareas has opted to forego repairs. Since the initial damage, Plaintiff has only been able to use her laptop when plugged into an external monitor, *i.e.*, as a desktop computer, rendering impossible its use as a laptop.

19.     In the months following her service visit, Plaintiff Pareas read many online accounts of other M1 MacBook owners who had also experienced the Screen Defect. As a result, Plaintiff contacted Apple Support directly on or around early August 2021. After a lengthy online chat session, Apple Support transferred her to a phone representative who helped her schedule an appointment with a "Genius Bar"—tech support centers located inside Apple retail stores and wholly staffed and administered by Apple—in Santa Clara, California.

20.     During her subsequent Genius Bar appointment, Defendant's support staff informed Plaintiff that Apple would not cover the cost of repair for her screen under warranty. Instead, they claimed the Screen Defect resulted from accidental damage, thereby voiding the warranty. Plaintiff was further informed that Apple might cover the cost of repairs if more users reported the Screen Defect, but that the $480.00 price point for repairs would stand until such a time.

21.     In total, Plaintiff spent over six hours of her own time in research, travel, and correspondence in an effort to have repairs for the Screen Defect covered by warranty.

22.     Plaintiff Daniel Friend is a citizen of California residing in Fullerton, California.

23.     On May 9, 2021, Plaintiff Friend purchased from Apple's store a 2020 13.3" MacBook Pro with an M1 chip for $1,338.06.

24.     Prior to purchasing his Laptop, Plaintiff Friend read and relied upon Apple's marketing and sales materials on the Apple Online Store concerning its durability and functionality.

25.     On August 21, 2021, during the course of ordinary usage, his device's display screen began to exhibit horizontal lines. The next day, on August 22, 2021, cracks formed on the right side of the screen when Plaintiff Friend opened the laptop.

26.     On August 24, 2021, Plaintiff Friend sought warranty service from Apple. Apple's Genius Bar Authorization shows that an employee "[v]erified that there are horizontal and vertical

lines on the center and right side." Plaintiff Friend's repair, however, would not be covered under warranty as the observed defects were deemed the result of accidental damage. He was quoted a repair cost of $578.00.

27.     On August 25, 2021, Plaintiff Friend received confirmation from Apple that his laptop had reached Apple's repair center. The repair report sent to him on August 26, 2021, stated that the display assembly had been replaced and that the repair was not covered under Apple's one-year limited warranty, the AppleCare extended service agreement, or the Apple repair extension program. In total, Plaintiff Friend's cost for the repair was $615.00.

28.     Defendant Apple, Inc. is a California corporation with its principal place of business at One Infinite Loop, Cupertino, California.

29.     Apple designs, manufactures, markets, advertises, sells, distributes, and warrants laptops, other personal computing products, smartphones, and accessories.

## JURISDICTION AND VENUE

30.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because at least two thirds of the Class Members are citizens of states different from the Defendant's; more than 100 Class Members exist; and the amount in controversy for the Class exceeds $5,000,000.

31.     This Court has jurisdiction over this action because Defendant is headquartered in California within the boundaries of this judicial district; has consented to jurisdiction by registering to conduct business in the state; maintains sufficient minimum contacts in California; and otherwise intentionally avails itself of the California markets through promotion, sale, marketing and distribution of the Class Laptops in and from the state, which renders the exercise of jurisdiction by this Court proper and necessary as Apple is "at home" in California.

32.     Venue is proper in this District, under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims of at least one Plaintiff occurred in this District.

33.     Plaintiffs' venue declarations pursuant to Cal. Civ. Code § 1780(d) is attached hereto as Exhibit A.

## COMMON FACTUAL ALLEGATIONS

34.     Defendant has been designing and manufacturing computing devices since 1983. As of July 2021, Defendant's devices comprise approximately eight per cent of the United States market for personal computers. Ben Lovejoy, *Excluding Chromebooks makes Mac market share 8.5%, says Gartner*, 9to5Mac.com (Jul. 13, 2021), *available at* https://9to5mac.com/2021/07/13/mac-market-share-q2-2021/ (*last accessed* Sep. 11, 2021).

35.     Defendant first announced the Macbook Pro and Macbook Air lines in January 2006 and January 2008, respectively. On November 10, 2020, Apple announced it would be releasing an updated MacBook Air and MacBook Pro containing Apple-designed M1 processors, the first Macs with Apple's new line of custom processors. *Apple Announces New 13-inch MacBook Pro With M1 Chip, Starting at $1,299*, MacRumors.com (Nov. 10, 2021), *available at* https://www.macrumors.com/2020/11/10/new-13-inch-macbook-pro-apple-silicon-unveild/ (*last accessed* Sep. 11, 2021). The Class Laptops were made available for purchase on November 17, 2020.

36.     As shown in detail below, soon after release purchasers began to complain about the Screen Defect.

37.     The Class Laptops are designed and manufactured with an inherent defect that compromises the display. Plaintiffs are informed and believe that because of the Screen Defect, the screens are predisposed to recurrently malfunction through no fault of the user, under conditions that would not cause a non-defective display screen to malfunction, requiring the Class Laptop owner to pay for repeated temporary "fixes," including replacements of the display screen.

38.     According to Plaintiffs and accounts from other Class Laptop owners who have experienced the Screen Defect, the display problems often occur while the computer is closed and may be exacerbated when the display is opened or moved.

39.     When the Screen Defect manifests, horizontal or vertical bars appear across the display screen, obstructing the owner's view. Additionally, the Screen Defect causes the display screens to be prone to cracking for no apparent reason during ordinary usage, potentially due to inflexibility in the LCD panel or the diminished size of the screen bezel and the resulting reduction in distance between the screen and the keyboard and body when closed. When these issues manifest, use of the computer is, at best, difficult, and often impossible, as the user cannot see their own input or the computer's

visual output. Because the Screen Defect impairs the user's visual interface to the machine, it renders the device partially or wholly unusable.

**A.      Apple's Exclusive and Early Knowledge of the Screen Defect**

        *i.      Apple's Knowledge of the Screen Defect from Repair Data.*

        40.      Defendant knew or should have known about the Screen Defect because of the large number of complaints it has received and display screen replacements it has made.

        41.      Apple, like other hardware companies, collects, reviews, and analyzes detailed information about repairs made on Class Laptops still under warranty at its retail locations, repair centers, and third-party service centers, including the type and frequency of such repairs. Complete data on such repairs is exclusively within Apple's control and unavailable to Plaintiffs without discovery.

        *ii.      Apple's Knowledge of the Screen Defect from Complaints Posted Online*

        42.      In addition, Defendant knew or should have known about the Screen Defect because of the large number of comments and posts made online about the Screen Defect.

        43.      The Screen Defect has impacted many purchasers of the Class Laptops, and many of those people have described the impact of the Screen Defect in online forums, including on Apple's own website. For example, many Class Laptop owners have spoken out about the Screen Defect on the popular message board Reddit. In one thread, entitled "Opened a new m1 13" macbook, LCD is cracked what the hell happened?," *see* Reddit.com, *available at* https://www.reddit.com/r/macbook/comments/k21azb/opened_new_m1_13_macbook_lcd_is_cracked_what_the/ (*last accessed* Sep. 11, 2021), various Class Laptop owners posted the messages below:

Posted by u/UnableGrape 9 months ago

**13**

**Opened new m1 13" macbook, LCD is cracked what the hell happened?**

Haven't dropped it or put any pressure on it, simply sitting on my desk and opened and the screen is black with lines on it, how could this have happened I literally bought it a week ago

36 Comments    Award    Share    Save    Hide    Report              89% Upvoted

 **xxcherrillxx** · 9m

Just had this happen to me upon opening my M1, it hasn't moved from my desk since purchase and it's only 15 days old, apple must have a know issue as support immediately said they would repair it for free but it will take a while as I have to send it due to my local stores being closed due to covid

⬆ 1 ⬇  Give Award  Share  Report  Save

 **UnableGrape** **OP** · 8m

I pressed onto apple support and after 4-5 attempts I got a free replacement and it arrived yesterday, they are quite understanding if you play your cards right

I'm also in the UK and laws are different than other countries so it may be fully on you if your not from here

⬆ 1 ⬇  Give Award  Share  Report  Save

 **dolceespress** · 7m

Same thing happened to me. I opened my laptop earlier this month and there were colored lines across the bottom and right side of the screen. Their latest models of Airs are absurdly sensitive, it seems. I brought to the Apple Store and they tried to charge me $428, stating that there was a phantom dent on the back of the laptop. I contacted Apple Directly through chat and they sent me a box and I sent out to repair. They repaired the screen promptly and did not charge me.

⬆ 1 ⬇  Give Award  Share  Report  Save

 **UnableGrape** **OP** · 7m

They sent me a new one free of charge and I sent broken one back, obviously a known problem by apple

⬆ 1 ⬇  Give Award  Share  Report  Save

 **lilacporch** · 7m

I have been on the phone with Apple for an hour with the same issue. They are insisting that I need to pay for the repair. I am hugely disappointed with apple. They say they are not aware of it as an issue at this point!

⬆ 1 ⬇  Give Award  Share  Report  Save

 **Hashtag_Mike** · 6m

This happen to me too! I purchased my MacAir M1 Chip on February 15th and today March 14th the screen is cracked. I've own previous MacAirs since 2013 and never has the screen cracked. I did absolutely nothing that would have caused the screen to crack. I handle me laptop as I alway do! Apple told me to purchase Apple care for $249 and they would charge me an additional $99 to repair the screen. This is outrageous! Especially since this is an Apple quality control issue. Furious!!

⬆ 1 ⬇  Give Award  Share  Report  Save

**Chance_Writing1582** · 5m

We need to report this on the Apple website. If they get enough complains they may be able to do refund for people who had already paid for repairs due to this. I'm not sure but that's what I was told. Mine happened today and I can't count the number of times I cried over it because I simply do not have that budgeted for. I'm trying to save up for school so it makes no sense why I should pay for something that isn't my fault. They're making me pay for repairs despite explaining everything and telling them that more people have complains about this.

⬆ 1 ⬇   Give Award   Share   Report   Save

**iamdanicca** · 5m

Same thing happened to me today. I was on video call with my sister when i noticed the screen started flickering and shows some cracks inside. I explained the same and it seems like i was stupid so stupid about what happened and dont want to believe. Even myself have doubt how this happened? I was so pissed off as they said it will not be cover by warranty as it was physical damage?! Apple needs to do something about this issue! I am broken hearted since ive been a loyal apple user from laptop to phone since 2010

⬆ 1 ⬇   Give Award   Share   Report   Save

**LindraB** · 4m

Also just got this issue on my M1 Air. Extremely frustrating. Absolutely nothing done to cause the damage. If they refuse to fix it I'm going to take it up with my local consumer affairs organisation, ridiculous that this design flaw exists when the laptop is so expensive.

⬆ 1 ⬇   Give Award   Share   Report   Save

**Early-Act-2550** · 4m

Hi! The exact same thing happened to me... I cannot understand why. I left a question at the apple communities, please comment if you had the same issue: https://discussions.apple.com/thread/252794122

I think costumers should really make some noise as it is totally frustrating to pay a replacement when we did nothing.

⬆ 1 ⬇   Give Award   Share   Report   Save

44.    The immediately preceding post links to a comment thread created in July 2021 and entitled "MacBook Air M1 screen crack for no apparent reason" in Apple's discussion forums, which is hosted on Defendant's website and on information and belief is moderated and overseen by Defendant's employees and/or agents. *See* Apple.com, *available at*

1  https://discussions.apple.com/thread/252794122?answerId=255634544022&page=1 (*last accessed*

2  Sep. 11, 2021). Below are messages posted by various Class Laptop owners in that thread:

3    Iau88

4  • Level 1  (31 points)   ☐ Notebooks

5

6  Q: **MacBook Air M1 screen crack for no apparent reason**

7  I bought a MacBook Air M1 6 months ago and the screen cracked for no apparent reason. I left my computer on the top

8  of my desk during the night and the next day I opened it the screen had 2 small cracks on the right which damaged the

9  functioning of the screen. I contacted an authorized apple center which told me apple warranty would not cover it as it

10 is a contact point crack; as if I have left something the size of a rice berry between the screen and the keyboard... It is

absurd as I have nothing like it on my desk and the computer was properly closed as usual and didn't move the whole

night. More than the price of repairing it , it is frustrating that apple doesn't believe its costumers.

11 I wonder if anyone had the same problem or if it is due to a design flaw, I have several Mac product  and never had a

12 similar problem, my last Mac lasted 10 years with no issues.

13 Posted on May 23, 2021 2:59 AM

14   Reply  |  I have this question too (647)

15  ⊙ Zedder1994  |  • Level 1  (4 points)

16

17 Jul 14, 2021 7:29 AM in response to Iau88

We bought a M1 Macbook Air 4 months ago. Last weekend my wife was watching a movie on Netflix and adjusted the

18 screen at the edge to change the viewing angle. The screen blacked out except for an area on the left which had bright

lines in a irregular pattern.

19 i have taken the MBA to the local Apple store and they advise me that my wife caused the pressure crack and it is not

covered under warranty. Cost to repair is $725 Australian dollars.  This leaves a very sour taste.  The screen should not break

20 when the screen angle is changed.

Over the years we have bought iPhone 4,5,7,9 and 11, iMac's, Apple watch Se, Apple TV etc. To be treated so shabbily when

21 it was not our fault is disgusting. And we are not the only ones.

At this stage all I can do is complain the Government consumer affairs and see how far that takes us.

22  Reply  Helpful  ⌄

23

24

25

26

27

28

CLASS ACTION COMPLAINT –        11



clairefrombarnet   •   Level 1 (4 points)   Notebooks

Jul 23, 2021 3:45 PM in response to lau88

My 17yr old daughter was at her desk, working on her MacBook Pro (M1 display) and shut it to take a break. When she went back to work, on opening the device she noticed that the bottom of the display was covered by flickering black and white lines and that there were also perpendicular coloured lines on the left hand side of the screen. I assumed that, (oh, the naivety 🙄) as it is less than 5 months old and that it hadn't been dropped, bashed, dinged or had anything spilled on it, this would be a case of taking it to our local apple store for a straight replacement. A call to Apple swiftly disabused me of any hope of a simple solution. The Apple guy stated that the laptop would need inspection and that 'they'll be able to tell if it has sustained accidental damage'. Well….short of a crystal ball, I assume this means that they will be likely to call the honesty of both me and my daughter into question and I am ready to go into battle. There are plenty of accounts on Reddit and other groups suggesting that this is a known design fault and, as such, Apple needs to bear the cost.

Reply   Helpful   ⌄



clairefrombarnet   •   Level 1 (4 points)   Notebooks

Jul 25, 2021 9:21 PM in response to clairefrombarnet

Update: Met with an absolute bulldog at the Apple store yesterday. I have NOT got an issue with her parroting and Apple's limited warranty BUT….she claims that she had absolutely no knowledge of even 1 complaint of this type of 'accidental damage' being reported since the M1 screen was introduced. This was at the busy Brent Cross store in North London. Either she has been instructed to say this (probable) or she has not been advised of the numerous similar issues on multiple forums (she did say that it was neither her job to read these comments nor to comment on them 🙄). She said that 'if there were to be a significant issue, Apple would have notified us (their employees). Absolute stonewalling…surprise, surprise. So….my daughter has lied, apparently…and the 'accidental damage' label sticks. She 'must have accidentally shut the laptop, trapping some teeny, tiny seed/crumb/bead/pod etc.) placing undue stress on the display and causing a crack. Even though that didn't happen. Anyone genned up on UK consumer rights? No alternative but to stump up the £600 for the repair.

Reply   Helpful   ⌄

 CanadaM1   |   • Level 1 (4 points)

Jul 30, 2021 12:31 AM in response to lau88

I have just experienced the same thing. On July 28th I closed my laptop to take the dog outside. I came back in and opened up the laptop and there was a crack. It was very confusing as I could not understand how this would have happened. Took the Mac to the apple store and was told right off the bat "I will tell you what you did here" and it was explained how I must have closed the lid on something. When I said that did not happen they said I must have pushed down on it or held it wrong. I have not abused or dropped this laptop. It should not be so fragile that it can break and you have no idea why. I did a lot of research before buying this laptop and wish I had considered the fragility of this model. If you cannot afford to replace a $700 screen choose a different laptop or get the apple care because my screen broke through normal usage with no traumatic intendent.

 Scottsev   |   • Level 1 (8 points)

Jul 30, 2021 5:22 PM in response to lau88

I just had the exact same situation.  I have a Macbook Air M1.  I went to sleep with it in perfect condition. The next day I opened the screen and the display had internal cracks and black bars running through it.  There was a very small "point of contact" crack underneath the display screen. The physical screen itself looked fine and you could not even tell there was damage unless the screen was turned on.

I took it to Apple and they said the exact same thing to me... that I "closed the lid with something very small in between the lid and the keyboard.  I had nothing in between the screen. The laptop was perfectly clean and handled with care when I last used it working perfectly until the next time opening the lid.  They said warranty would not cover it because I damaged it so I had to spend $460 for repairs.

There is no possible way that I caused this damage. The laptop was in perfect condition when I last used it and had not been moved or touched until the next time the damage was noticed.

 Reply | Helpful | ⌄

 rooftopzen   |   • Level 1 (4 points)

Jul 30, 2021 10:01 PM in response to lau88

I had same issue - apple charged me over $500 to fix no matter what I said (spoke w 3 diff people who were 'not aware' of this being a widespread issue)

Reply | Helpful | ⌄

CLASS ACTION COMPLAINT –        13



nrk08  •  Level 1 (4 points)    Notebooks

Jul 31, 2021 12:00 PM in response to lau88

The same has happened to my MacBook Air M1 since 30 July. I noticed a vertical line on the right of the screen suddenly. I have had the machine for only 5 months and have been extremely careful with it. I don't use any screen protector. I keep the laptop in a sleeve. And I only use the laptop at home. If the screen can get damaged even with such careful use I am starting to wonder why I upgraded! Was your issue resolved?

[ Reply ]  [ Helpful ]  [ ⌄ ]

45.     Previous to the creation of the above thread, another user created a similar thread on Apple's discussion forums entitled "M1 MacBook LCD Crack." *See* Apple.com, *available at* https://discussions.apple.com/thread/252682054?page=1 (*last accessed* Sep. 11, 2021). Below are messages posted in that thread by owners of Class Laptops:

Q:  ## M1 MacBook LCD Crack

Hello everyone! This is my first post on the Apple Community Forum. I want to try and gain as much insight as possible, as I believe there to be a growing issue with the latest M1 MacBooks that needs urgent highlighting. Recently, my MacBook Pro was sat on my laptop stand in my home office. It's just me at home and the desk space is clear. I was working on some documents when I took a short break. When I returned, my display now had vertical and horizontal lines going through it. I gasped in shock because only a few minutes ago it was absolutely fine. I'd like to point out that the MacBook was not overheated (if you own an M1 Mac, you'll know it's near impossible to even get the fans spinning on this thing). It's never left my home, and never been anywhere other than on my desk (so no opportunity to take a few bumps or knocks in a bag etc). I am also extremely careful with all things, particularly my tech. The outer body and glass screen is in perfect condition and so the crack in the LCD is completely unexplainable. I've taken the MacBook to my local Apple Store where a Specialist told me straight away it was a pressure crack and it won't be covered under warranty and I should pay around £600 to repair it and that I should of purchased AppleCare+. If I could just pull out £600, I would but the thing is, it's taken me 2 years as a student to save money to even purchase the MacBook. The Specialist then proceeded to repeatedly press his thumb on the display which made more vertical lines appear (this made me really unhappy) and possibly even make the crack worse. Admittedly, I should've purchased AC+, and it was on my radar, but I'd forgotten and before I knew it I was 21 days over the 60 day purchase period. However, something like this shouldn't just happen randomly and the automatic response shouldn't be "You should've purchased AC+" — it almost feels to me that they just know their products are not as durable as they once were. Nonetheless, a couple of Google and Twitter searches and I'm now discovering a number of people with the same problem as me and yet Apple have stated they aren't familiar with one single case. So please, if you have had this issue or know someone that has, please leave a reply!

*MacBook Pro (2020 and later)*

Posted on Apr 20, 2021 2:07 AM

[ Reply ]  [ I have this question too (57) ]



Ahernkl • Level 1 (9 points) 📓 Notebooks ★ Helpful

Apr 20, 2021 8:54 PM in response to tjord96

As you know this also happened to my nephew (also a student) and like you his MacBook was only ever on his desk in his room (thanks to lockdown!). His is also immaculate with no marks or damage. Around 4 months after purchase He finished up work and the next morning discovered a damaged LCD. Apple replaced the screen as they considered it to be a manufacturing fault.
four months later the same thing occurred ... now Apple say it's accidental damage and want £670 to repair.

Firstly, it's not but secondly even if he could afford to pay, what happens next time? I mean if it's a manufacturing issue what's to stop it happening again. With hindsight he should have insisted on a new machine instead of a repair but he naively thought Apple to be a reputable brand. The treatment from the store, customer service etc has been less than satisfactory. It's like pulling teeth getting through to anyone in a supervisory capacity, and when they do call you to advise it's their error and they will repair it, they then change mid conversation and say they made a mistake and rang the wrong number!  Computer most definitely says no !  We're still fighting for someone to review this and to provide  a detailed report so that we can take further advice on what to do next



Reply    Helpful (2)    ⌄

    46.    Owners of the Class Laptops have received conflicting explanations from Defendant on the nature of the Screen Defect and whether the damage resulting therefrom will be repaired at no cost to the owners. As described in the comments above, Defendant told many Class Laptop owners that they had caused the screen damage and Apple refused to repair the damage at its own cost. In other cases, as shown in the posts excerpted below, Defendant has repaired the damaged display screen under warranty . *See* Apple.com, *available at* https://discussions.apple.com/thread/252682054?page=2 (*last accessed* Sep. 11, 2021); Reddit.com, *available at* https://www.reddit.com/r/macbook/comments/l1odym/2_week_old_macbook_air_m1_2020_tiny_crack_in/ (*last accessed* Sep. 11, 2021).

w_winters   •   Level 1 (4 points)   ▢ Notebooks

Aug 28, 2021 8:24 PM in response to deirdreedsign

I wanted to post an update.  Although I was told in the store that the issue was not covered by the warranty, I took it a step further and contacted apple via phone with my credit card company that I purchased it with on the line with me (don't know if that piece helped or not).... but guess what... they told me it was absolutely covered by the warranty and didn't understand why I was told it wasn't. They also admitted that being told the 16 inch was "delicate" was a very strange thing to be told as a reason for what had happened and did not make sense.  It was very nice to find common sense prevailing. They set up the repair and a box and over night shipping label and instructions arrived at my doorstep two days later. Sent it to them, and received my laptop back within 2 days. So moral of the story, forget about in-store repairs, they don't seem to have the correct information or authority to deal with whatever design issue this new machine seems to be having.

Reply    Helpful (3)    ⌄

Newbeginnings5432119 OP · 8m · edited 8m

I'm very upset that this has happened. It's only been two weeks and this morning I noticed a crack. It has not been dropped and nothing has fallen on it! I contacted Apple and said insurance does not cover this. My old MacBook Air 2012 is 8 years old and it has never done this and in decent condition considering how long I have had it for! Now this new MacBook Air is already giving me immediate issues with the screen and I'm so disappointed and discouraged I just don't understand what happened and how it could have cracked. The screen still works and is not distorted or has any weird lines, just the tiny crack on the black perimeter. I have an appointment in 2 days to have Apple check it out but I think is already know the answer from talking to their customer service team online. It will be very expensive and Will this worsen if I don't get it fixed?

⬆ 1 ⬇   Give Award   Share   Report   Save

CCIE_14661 · 8m

This is a classic case of you closing the lid with something wedged in between the lid and the screen. Whether you know it or not this is most likely what has happened and the Apple tech will know this. They have seen this a thousand times. It sounds like you didn't purchase Apple Care+ and just stuck with the default 1 year warranty because AC+ covers accidental damage, but the default warranty will not cover an user caused damage.

⬆ 4 ⬇   Give Award   Share   Report   Save

Newbeginnings5432119 OP · 8m

Hmm no nothing was lodged it the MacBook whilst closing it. I don't have Apple care. They looked at it today and are now repairing it for free. They said it maybe have already been there and due to the nature of the crack don't believe I did anything to have caused it.

⬆ 4 ⬇   Give Award   Share   Report   Save

**B.    Apple's One-Year Warranty**

47.    Apple sold the Class Laptops with a one-year written express warranty, which covers defects in materials and workmanship.

48.    Apple expressly distinguishes device defects, which are covered by its warranty, from the following, which are not: (a) consumable parts; (b) cosmetic damage; (c) damage caused by use

with another product; (d) damage from accident, misuse, abuse, liquid contact, or other external causes; (e) damage from operating the Apple product outside its published guidelines; (f) damage from unauthorized service or repairs; (g) damage to Apple products modified without Apple's written permission; (h) defects caused by normal wear and tear; and (i) products with the serial number removed. *Apple One (1) Year Limited Warranty*, Apple.com, *available at* https://www.apple.com/legal/warranty/products/embedded-mac-warranty-us.html (*last accessed* Sep. 12, 2021).

49.     Apple expressly warranted the Class Laptops in writing and promised to "(i) repair the Apple Product using new or previously used parts that are equivalent to new in performance and reliability, (ii) replace the Apple Product with a product that is at least functionally equivalent to the Apple Product and is formed from new and/or previously used parts that are equivalent to new in performance and reliability, or (iii) exchange the Apple Product for a refund of your purchase price." *Id*.

50.     Apple provides this warranty to buyers after the purchase of a Class Laptop is completed.

**C.     Apple's Marketing and Concealment of the Screen Defect**

51.     Apple charges a premium for its laptops, which it justifies, in large part, on the basis of premium features, durability, and reliability.

52.     Defendant's marketing materials boast of the Class Laptops' purportedly superior "Retina display." Defendant touts the "better picture" offered by the "brilliant Retina display" on the Macbook Pro 13" Class Laptop, Apple.com, *available at* https://www.apple.com/macbook-pro-13/ (*last accessed* September 11, 2021), and the "new levels of detail and realism" and "Lifelike colors" of the Retina display on the Macbook Air Class Laptop, Apple.com, *available at* https://www.apple.com/macbook-air/ (*last accessed* September 11, 2021). Defendant also highlights the small-bezel design of the Macbook Air screen, stating: "the display glass goes right to the edge of the enclosure, so nothing takes away from your gorgeous view." Apple.com, *available at* https://www.apple.com/macbook-air/ (*last accessed* September 11, 2021).

53.     Defendant's marketing of the Class Laptops also promised superior durability, proclaiming that both models are "Designed to last," explaining that "To maximize durability, we assessed the [Class Laptops] in our Reliability Testing Lab, using rigorous testing methods that simulate customers' experiences" and "our products go through rigorous testing before they leave our doors." *13-Inch Macbook Air Product Environmental Report*, Apple.com, *available at* https://www.apple.com/environment/pdf/products/notebooks/13-inch_MacBookAir_PER_Nov2020.pdf (*last accessed* Sep. 11, 2021); *13-Inch Macbook Pro Product Environmental Report*, Apple.com, *available at* https://www.apple.com/environment/pdf/products/notebooks/13-inch_MacBookPro_PER_Nov2020.pdf (*last accessed* Sep. 11, 2021). Defendant's marketing materials for the thin and lightweight Macbook Air extol its superior materials and durability. Per its product webpage, the device is "Thin and Light. Yet rock solid," and its "sturdy aluminum unibody design makes MacBook Air sleek, durable, and ready for anything." *M1 Macbook Air Product Page*, Apple.com (Nov. 10, 2020), *available at* https://www.apple.com/lae/macbookair/index.html (*last accessed* Sep. 11, 2021).

54.     On information and belief, Apple's in-store sales staff are trained, through store meetings and role-playing exercises, to justify the high cost of Apple laptops to consumers on the basis that the laptops will last on average for between five to seven years.

## FRAUDULENT CONCEALMENT ALLEGATIONS

55.     Absent discovery, Plaintiffs are unaware of, and unable through reasonable investigation to obtain, the true names and identities of those individuals at Apple responsible for disseminating false and misleading marketing materials regarding the Class Laptops. Apple necessarily is in possession of all of this information. Plaintiffs' claims arise out of Apple's fraudulent concealment of the Screen Defect and the failures and malfunctions it causes, and Defendant's representations about the premium quality, reliability, and durability of the Class Laptops' display screens. To the extent that Plaintiffs' claims arise from Apple's fraudulent concealment, there is no one document or communication, and no one interaction, upon which Plaintiffs base their claims.

56.     Plaintiffs allege that at all relevant times, including specifically at the times they purchased their respective Class Laptops, Apple knew, or was reckless in not knowing, of the Screen Defect; Apple was under a duty to disclose the Screen Defect based upon its exclusive knowledge of it, and its concealment of it; and Apple never disclosed the Screen Defect to Plaintiffs or the public at any time or place or in any manner.

57.     Plaintiffs makes the following specific fraud allegations with as much specificity as possible absent access to the information necessarily available only to Apple:

58.     *Who:* Apple actively concealed the Screen Defect from Plaintiffs and Class Members while simultaneously touting the durability of the Class Laptops, as alleged above. Plaintiffs are unaware of, and therefore unable to identify, the true names and identities of those specific individuals at Apple responsible for such decisions.

59.     *What:* Apple knew, or was negligent or reckless in not knowing, that the Class Laptops contain the Screen Defect, as alleged above. Apple concealed the Defect and made representations about the premium quality, reliability, and durability, and other attributes of the Class Laptops, as specified above.

60.     *When:* Apple concealed material information regarding the Screen Defect at all relevant times and made representations about the world-class quality, durability, of the Class Laptops, starting no later than November 2020, or at the subsequent introduction of certain models of Class Laptops to the market, continuing through the time of sale, and on an ongoing basis, and continuing to this day, as alleged above. Apple still has not disclosed the truth about the Screen Defect in the Class Laptops to anyone outside of Apple. Defendant has never taken any action to inform consumers at large about the true nature of the Screen Defect in the Class Laptops. And when consumers brought their Class Laptops to Apple complaining of the Screen Defect, Apple denied any knowledge of or responsibility for the Screen Defect, and in many instances (as detailed above), actually blamed the customer for causing the Screen Defect.

61.     *Where:* Apple concealed material information regarding the true nature of the Screen Defect in every communication it had with Plaintiffs and Class Members and made representations about the premium quality, reliability, and durability of the Class Laptops. Plaintiffs are aware of no

document, communication, or other place or thing, in which Apple disclosed the truth about the Screen Defect in the Class Laptops to anyone outside of Apple. Such information is not adequately disclosed in any sales documents, displays, advertisements, warranties, owner's manuals, or on Apple's website.

62.     *How:* Apple concealed the Screen Defect from Plaintiff and Class Members and made representations about the premium quality, reliability, and durability of the Class Laptops. Apple actively concealed the truth about the existence and nature of the Screen Defect from Plaintiff and Class Members at all times, even though it knew about the Screen Defect and knew that information about the Screen Defect would be important to a reasonable consumer. Apple promised in its marketing materials that Class Laptops have qualities that they do not have.

63.     *Why:* Apple actively concealed material information about the Screen Defect in the Class Laptops for the purpose of inducing Plaintiff and Class Members to purchase and/or lease Class Laptops, rather than purchasing or leasing competitors' laptops and made representations about the premium quality, reliability, and durability of the Class Laptops. Had Apple disclosed the truth, for example in its advertisements or other materials or communications, Plaintiff and Class Members (all reasonable consumers) would have been aware of it, and would not have bought or leased the Class Laptops or would have paid less for them.

## CLASS ALLEGATIONS

64.     Plaintiff brings this lawsuit on behalf of themselves and all similarly situated individuals and entities, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Class and Subclass (together, the "Classes") are defined as follows:

**Nationwide Class**
All persons who purchased a Class Laptop in the United States.

**California Subclass**
All persons who purchased a Class Laptop in California.

65.     Excluded from the Classes are Defendant, its affiliates, and its current and former employees, officers and directors.  Plaintiff reserves the right to modify, change, or expand the definitions of the Class and Subclass based upon discovery and further investigation.

66.     *Numerosity*: The Classes are so numerous that joinder of all members is impracticable. At least hundreds of thousands of Class Members have been subjected to Defendant's conduct in each

state. The class is ascertainable by reference to records in the possession of Apple and its retail locations.

67.   *Predominance*: Common questions of law and fact exist as to all members of the Classes. These questions predominate over questions affecting individual members of the Classes and include:

a.) Whether the Class Laptop screens possess a design defect;

b.) Whether the Class Laptop screens possess a manufacturing defect;

c.) Whether the Class Laptop screens were defective at the point of sale;

d.) Whether the Screen Defect substantially reduces the value of the Class Laptops;

e.) Whether Defendant knew of the Screen Defect but failed to disclose it to consumers;

f.) Whether and when Defendant knew that the Class Laptop screens have a propensity to suffer from mechanical failures during normal and expected use conditions, rendering them functionally unusable;

g.) Whether a reasonable consumer would consider the Screen Defect to be material;

h.)  Whether Defendant's conduct was unlawful;

i.) Whether Defendant acted negligently, recklessly, and/or with intent to deceive;

j.) Whether Plaintiff and Class Members overpaid for their Class Laptops as a result of the Screen Defect;

k.) Whether Plaintiff and Class Members are entitled to damages and other monetary relief, and, if so, in what amount; and

l.) Whether Plaintiff and Class Members are entitled to equitable relief, including restitution or injunctive relief.

68.   *Typicality*: Plaintiff's claims are typical of the claims of the members of the Classes, as all such claims arise out of Defendant's conduct in designing, manufacturing, marketing, advertising, and selling the Class Laptops. All of Plaintiff's claims are typical of the claims of the Class since Plaintiff and all Class members were injured in the same manner by Defendant's uniform course of conduct described herein.  Plaintiff and all Class members have the same claims against Defendant relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are

identical to those giving rise to the claims of all Class members.  Plaintiff and all Class members sustained economic injuries including, but not limited to, ascertainable losses arising out of Defendant's course of conduct as described herein. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

69.     *Adequacy*: Plaintiffs will fairly and adequately protect the interests of the members of the Classes and have no interests antagonistic to those of the Classes. Plaintiffs have retained counsel experienced in the prosecution of complex class actions including, but not limited to, consumer class actions involving, *inter alia*, breach of warranties, product liability, product design defects, and state consumer fraud statutes.

70.     *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impracticable, and the amount at issue for each Class member would not justify the cost of litigating individual claims. Should individual Class Members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

71.     *Manageability*: Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
(Violations of California's Consumer Legal Remedies Act,
Cal. Civ. Code § 1750, *et seq.*)

72.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

73.     Plaintiffs bring this claim on behalf of themselves and the California Subclass.

74.     The Class Laptops are "goods" as defined in Cal. Civ. Code § 1761(a).

75.     Plaintiff and California Subclass members are "consumers" as defined in Cal. Civ. Code § 1761(d).

76.     Defendant is a "person" as defined in Cal. Civ. Code § 1761©.

77.     The purchases by Plaintiff and California Class members are "transactions" as defined by Cal. Civ. Code § 1761(e).

78.     Defendant's conduct, as described herein, was and is in violation of the CLRA. Defendant's conduct violates at least the following enumerated CLRA provisions:

    a.     § 1770(a)(4): Using deceptive representations in connection with goods;

    b.     § 1770(a)(5): Representing that goods have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have;

    c.     § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another; and

    d.     § 1770(a)(9): Advertising goods with intent not to sell them as advertised.

79.     Specifically, Defendant's actions led consumers to reasonably believe that the Class Laptops would be usable to perform basic computing functions including word processing, accessing the internet, and composing emails, but because of the Screen Defect, the Class Laptops cannot be so used. Additionally, Defendant represented that the Class Laptops are of premium quality, reliability, and durability, when they are in fact extremely fragile and prone to failure that catastrophically impairs their usability.

80.     Plaintiff and California Subclass members have suffered injury in fact and actual damages resulting from Defendant's material omissions and misrepresentations because, *inter alia,* they lost money when they purchased their laptops, paid an inflated purchase price for the Class Laptops, or paid money for repairs and/or extended warranty service.

81.     Defendant knew, should have known, or was reckless in not knowing that the Screen Defect in the Class Laptops rendered them not suitable for their intended uses.

82.     Defendant had a duty to disclose the Screen Defect because Apple had exclusive knowledge of the defects prior to making sales of the Class Laptops and because Defendant made partial representations about the quality, performance, and reliability of the Class Laptops but failed to disclose the Screen Defect.

83.     Defendant further breached its duty to disclose the Screen Defect by attempting to conceal the Screen Defect with denials of responsibility, shifting the blame to owners of the Class Laptops, and implementing fixes that are known to be ineffective.

84.     Defendant falsely represented that its Class Laptops were durable and suitable for professional use.

85.     These representations were false and misleading because the Screen Defect cause the screens to fail to display output under normal use conditions, rendering the Class Laptops unusable well within the useful lifespan of the Class Laptops.  Apple was aware the screens suffered from the Screen Defect and that the Class Laptops did not perform as advertised.

86.     The facts Apple concealed and omitted—that the Class Laptops are defective and fail prematurely—are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the laptops or pay a lower price. Had Plaintiff and California Subclass members known about the defective nature of the laptops, they would not have purchased them or purchased them at a much lower price.  As a result of Defendant's misconduct, Plaintiff and those similarly situated were harmed in the amount of the price premium they paid (*i.e.*, the difference between the price consumers paid for the Class Laptops and the price they would have paid but for Defendant's misrepresentations), in an amount to be proven at trial using econometric or statistical techniques such as hedonic regression or conjoint analysis.

87.      CLRA § 1782 NOTICE. Irrespective of any representations to the contrary in this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages under any provision of the CLRA. Plaintiff, however, hereby provides Defendant with notice and demand that within thirty (30) days from on or around August 30, 2021, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Defendant's failure to do so will result in Plaintiff amending this Class Action Complaint to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of themselves and those similarly situated members of the California Subclass, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices.

88.     Plaintiff further seeks an order awarding costs of court and attorneys' fees pursuant to Cal. Civ. Code § 1780(e).

## SECOND CAUSE OF ACTION
(Violation of California's Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200, et seq.)

89.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

90.     Plaintiffs bring this claim on behalf of themselves and the California Subclass.

91.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Apple engaged in conduct that violated each of this statute's three prongs.

92.     Apple committed unlawful business acts or practices in violation of Cal. Bus. & Prof. Code § 17200, et seq., by systematically breaching its warranty obligations and by violating the CLRA, the False Advertising Law, and the Song-Beverly Consumer Warranty Act as alleged above and below.

93.     Apple committed unfair business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et* seq.*,* because the acts and practices described herein, including but not limited to Apple's failure to provide a permanent remedy to fix the Screen Defect, were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and California Subclass Members. Apple's acts and practices were additionally unfair because the harm to Plaintiffs and Class Members is substantial and is not outweighed by any countervailing benefits to consumers or competition. Further, Apple's acts and practices were unfair in that they were contrary to legislatively declared or public policy.

94.     Apple committed fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, when it concealed the existence and nature of the Screen Defect, while representing in its marketing, advertising, and other broadly disseminated representations that the Class Laptops were, *inter alia*, of premium quality, reliability, and durability, when, in fact, they were not. Apple's representations and active concealment of the Screen Defect are likely to mislead the public with regard to the true defective nature of the Class Laptops.

95.     Apple's unfair or deceptive acts or practices occurred repeatedly in the course of Apple's trade or business and were likely to mislead a substantial portion of the purchasing public.

96.     Plaintiffs relied on Apple's material misrepresentations and nondisclosures, and would not have purchased/leased, or would have paid less for, the Class Laptops had they known the truth.

97.     As a direct and proximate result of Apple's unfair, unlawful, and deceptive practices, Plaintiffs have lost money.

98.     Plaintiffs lack an adequate remedy in the absence of equitable remedies under the UCL including because money damages would only compensate Plaintiffs and class members for their past purchases but would not provide an adequate remedy to prevent future harm.

99.     Plaintiffs and Class Members seek an order enjoining Apple from committing such unlawful, unfair, and fraudulent business practices, and seek restitution pursuant to Cal. Bus. & Prof. Code § 17203.

### **THIRD CAUSE OF ACTION**
(Violations of California's False Advertising Law,
Cal. Bus. & Prof. Code § 17500, *et seq.*)

100.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

101.     Plaintiffs bring this claim on behalf of themselves and the California Subclass.

102.     Beginning at an exact date unknown to Plaintiffs, but within three (3) years preceding the filing of the Class Action Complaint, Defendant has made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of the Class Laptops.

103.     Plaintiffs and those similarly situated relied to their detriment on Defendant's false, misleading and deceptive advertising and marketing practices. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, paying less for the Class Laptops.

104.     Defendant's acts and omissions are likely to deceive the general public.

105.     Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

106.     The aforementioned practices, which Defendant has used, and continues to use, to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

107.     Plaintiffs seek, on behalf of those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiffs, the general public, or those similarly situated by means of the false, misleading and deceptive advertising and marketing practices complained of herein, plus interest thereon.

108.     Plaintiffs seek, on behalf of those similarly situated, an injunction to prohibit Defendant from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein. The acts complained of herein occurred, at least in part, within three (3) years preceding the filing of this Class Action Complaint.

109.     Plaintiffs and California Subclass Members are further entitled to and do seek both a declaration that the above-described practices constitute false, misleading and deceptive advertising, and injunctive relief restraining Defendant from engaging in any such advertising and marketing practices in the future. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which Defendant is not entitled. Plaintiffs, the California Subclass, and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

110.     As a direct and proximate result of such actions, Defendant and the other members of the California Class have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in the amount of the price premium they paid (*i.e.*, the difference between the price consumers paid for the Class Laptops and the price they would have paid but for Defendant's misrepresentations), which shall be proven at trial

using econometric or statistical techniques such as hedonic regression or conjoint analysis. This amount is more than the jurisdictional minimum of this Court.

## FOURTH CAUSE OF ACTION
(Breach of Express Warranty under the
Song-Beverly Consumer Warranty Act)

111.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

112.    Plaintiffs bring this claim on behalf of themselves and the California Subclass.

113.    The Class Laptops are "consumer goods" under Cal. Civ. Code § 1791(a).

114.    Plaintiffs and California Subclass Members are "buyers" under Cal. Civ. Code § 1791(b).

115.    Apple is and was at all relevant times a "manufacturer" and seller of the Class Laptops under Cal. Civ. Code § 1791(j).

116.    Plaintiffs and California Subclass Members bought Class Laptops designed, manufactured, warranted, marketed to them, and intended to be purchased by consumers such as them, by Apple.

117.    Apple expressly warranted the Class Laptops against defects including the Screen Defect, as described above, within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2.

118.    As described above, the display screen in the Class Laptops is defective. The Screen Defect substantially impairs the use, value, and durability of the Class Laptops to reasonable consumers, including Plaintiffs and Class Members.

119.    Apple knew of the Screen Defect when it expressly warranted the Class Laptops, wrongfully and fraudulently concealed material facts regarding the Screen Defect, failed to inform Class Members that the Class Laptops had defective Screens, and induced Plaintiffs and Class Members to purchase the Class Laptops under false or fraudulent pretenses.

120.    Apple is obligated, under the terms of its express warranties, and pursuant to Cal. Civ. Code §§ 1793.2 and 1795.4, to repair or replace the defective Screens in the Class Laptops at no cost to Plaintiff and California Subclass Members.

121.    Apple breached its express warranties by supplying the Class Laptops to Plaintiff and California Subclass Members with the Screen Defect, by failing to repair the Class Laptops under

warranty, and by failing to provide to Plaintiff or California Subclass Members, as a warranty replacement, a product that conforms to the qualities and characteristics that it promised when it sold the Class Laptops to Plaintiff and California Subclass Members.

122.    As more fully detailed above, Apple was provided with appropriate notice and has been on notice of the Screen Defect and of its breach of its express written warranties from various sources, including Plaintiffs.

123.    Plaintiffs have given Apple a reasonable opportunity to cure its failures with respect to its warranties, and Apple has failed to do so.

124.    Affording Apple any further opportunity to cure its breach of written warranties is unnecessary and futile here.

125.    Any express warranties promising to repair and/or correct any defects fail in their essential purposes because the contractual remedy is insufficient to make Plaintiffs and California Subclass Members whole and because Apple has failed or has refused to adequately provide the promised remedies within a reasonable time.

126.    Accordingly, recovery by Plaintiffs and California Subclass Members is not restricted to any written warranties promising to repair and/or correct defects, and they seek all remedies as allowed by law.

127.    Any attempt by Apple to limit or disclaim the express warranties in a manner that would exclude coverage of the Screen Defect is unenforceable and void pursuant to Cal. Civ. Code § 1790.1.

128.    As a direct and proximate result of Apple's breach of its express warranties, Plaintiffs and Class Members received goods that have substantially impaired value and have suffered damages in an amount to be determined at trial.

129.    Pursuant to Cal. Civ. Code §§ 1794 and 1795.4, Plaintiffs and Class Members are entitled to incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
(Breach of Express Warranty)

130.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

131.    Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

132.    The Class Laptops are and were at all relevant times "goods" within the meaning of, *inter alia*, Cal. Com. Code §§ 2105(1) and 10103(a)(8).

133.    Apple is and was at all relevant times a "merchant" with respect to the Class Laptops, under, *inter alia*, Cal. Com. Code §§ 2104(1) and 10103(c), and a "seller" of the Class Laptops, under § 2103(1)(d).

134.    Plaintiffs and Class Members are "buyers" within the meaning of, inter alia, Cal. Com. Code §§ 2103(a) and 10103(a)(14).

135.    Plaintiffs and Class Members bought Class Laptops designed, manufactured, warranted, marketed to them, and intended to be purchased or leased by consumers such as them, by Apple.

136.    Apple expressly warranted the Class Laptops against defects, including the Screen Defect, within the meaning of, *inter alia*, Cal. Com. Code §§ 2313, 2316, 10210, and 10214.

137.    As described above, the display screen in the Class Laptops is defective. The Screen Defect substantially impairs the use, value, and durability of the Class Laptops to reasonable consumers, including Plaintiffs and Class Members.

138.    Apple knew of the Screen Defect when it expressly warranted the Class Laptops, wrongfully and fraudulently concealed material facts regarding the Screen Defect, failed to inform Class Members that the Class Laptops had the Screen Defect, and induced Plaintiffs and Class Members to purchase or lease the Class Laptops under false and/or fraudulent pretenses.

139.    Apple is obligated, under the terms of its express warranties, to repair and/or replace the screens for Plaintiffs and Class Members.

140.    Apple breached its express warranties by supplying the Class Laptops to Plaintiffs and Class Members with the Screen Defect.

141.    Apple further breached its express warranties by failing to repair the Class Laptops and by failing to provide to Plaintiffs or Class Members, as a warranty replacement, a product that conforms to the qualities and characteristics that it promised when it sold the Class Laptops to Plaintiffs and Class Members.

142.     As more fully detailed above, Apple was provided with appropriate notice and has been on notice of the Screen Defect and of its breach of express written warranties from various sources, including Plaintiffs.

143.     Plaintiffs have given Apple a reasonable opportunity to cure its failures with respect to its warranties, and Apple has failed to do so.

144.     Affording Apple any further opportunity to cure their breach of written warranties is unnecessary and futile here.

145.     Any express warranties promising to repair and/or correct any defects fail in their essential purposes because the contractual remedy is insufficient to make Class Members whole and because Apple has failed and/or have refused to adequately provide the promised remedies within a reasonable time.

146.     Accordingly, recovery by the Class Members is not restricted to any written warranties promising to repair and/or correct defects, and they seek all remedies as allowed by law.

147.     In its capacity as a warrantor, and by the conduct described herein, any attempt by Apple to limit or disclaim the express warranties in a manner that would exclude coverage of the Screen Defect is unconscionable as a matter of law because the relevant purchase transactions were tainted by Apple's concealment of material facts. Thus, any effort by Apple to disclaim, or otherwise limit, its liability for the Screen Defect is null and void.

148.     As a direct and proximate result of Apple's breach of express warranties, Plaintiffs and Class Members received goods that have substantially impaired value and have suffered damages in an amount to be determined at trial.

149.     Plaintiffs and Class Members are entitled to incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Breach of Express Warranty – Magnuson-Moss Warranty Act)

150.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

151.     Plaintiffs bring this claim on behalf of themselves and the Nationwide Class.

152.     The Class Laptops are "consumer products" as defined in 15 U.S.C. § 2301(1).

153.    Plaintiffs and Class Members are "consumers" as defined in 15 U.S.C. § 2301(3).

154.    Apple is a "supplier" and "warrantor" as defined in 15 U.S.C. §§ 2301(4) and (5).

155.     Apple provided Plaintiffs and Class Members with "written warranties" within the meaning of 15 U.S.C. § 2301(6).

156.    Apple has breached its express warranties by refusing to honor the express warranty to replace or repair, free of charge, any defective vehicle component, including the Screen Defect.

157.    At the time Class Laptops were sold, Apple knew that they possessed the Screen Defect and offered an express warranty with no intention of honoring said warranty with respect to the known Screen Defect.

158.    Additionally, pursuant to 15 U.S.C. § 2304(d)(1), "the warrantor may not assess the consumer for any costs the warrantor or his representatives incur in connection with the required remedy of a warranted product . . . [I]f any incidental expenses are incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against the warrantor."

159.    At no time has Apple offered a permanent or adequate repair or replacement of the display screen that would permanently prevent manifestation of the Screen Defect. Despite repeated demands by Plaintiffs and Class Members that Apple pay the costs and incidental expenses associated with temporarily "fixing" the display screen, Apple has refused to do so. Apple's refusal to provide a permanent repair or replacement for the Screen Defect and to pay for the temporary "fixes" violates 15 U.S.C. § 2304(d)(1).

160.    Apple was afforded a reasonable opportunity to cure its breach of the express warranty but failed to do so.

161.    Under 15 U.S.C. § 2310(e), notice of breach of warranty need not be provided until after Plaintiffs has been appointed Class Representatives; nevertheless Apple had been notified, as alleged above.

162.    As a direct and proximate result of Apple's breach of its express written warranties, Plaintiffs and Class Members have been damaged in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

(Breach of Implied Warranty Under Song-Beverly Consumer Warranty Act)

163.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

164.    Apple's Class Laptops are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

165.    Apple is a "manufacturer" within the meaning of Cal. Civ. Code § 1791(j).

166.    Plaintiffs and Class Members who purchased or leased their Class Laptops within the State of California are "buyers" and "lessees" within the meaning of Cal. Civ. Code §§ 1791(b) and (h).

167.    Apple impliedly warranted to Plaintiffs and Class Members that its Class Laptops were "merchantable" within the meaning of Cal. Civ. Code §§ 1791.1(a) and 1792.

168.    Apple impliedly warranted to Plaintiffs and Class Members that it would repair or replace any defective products, including the defective display screen that produces the Screen Defect.

169.    The propensity of the Screen Defect to cause horizontal or vertical bars to appear across the display screen and cracks to appear in the display screen for no apparent reason during ordinary usage, renders the Class Laptops to not be of the quality that a buyer would reasonably expect, and therefore not merchantable.

170.    The Class Laptops do not conform to the promises or affirmations of fact made by Apple in its promotional materials in that the Screen Defect creates a condition which is neither remediable by the consumer nor the product of misuse by the consumer

171.    In violation of Cal. Civ. Code § 1791.1(a), Apple breached its implied warranty by selling/leasing Class Laptops that were defective and refusing to permanently replace and/or repair the defective screens.

172.    The Screen Defect has deprived Plaintiffs and Class Members of the benefit of their bargain and has caused the Class Laptops to depreciate in value.

173.    Any attempt by Apple to limit or disclaim the express warranties in a manner that would exclude coverage of the Screen Defect is unenforceable and void pursuant to Cal. Civ. Code §§ 1790.1, 1792.3, and 1793.

174.     As a result of Apple's breach of its implied warranties, Plaintiffs and Class Members have been damaged in an amount to be proven at trial and are entitled to incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, pursuant to Cal. Civ. Code §§ 1794 and 1795.4.

## EIGHTH CAUSE OF ACTION
### (Breach of Implied Warranty)

175.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

176.     The Class Laptops are and were at all relevant times "goods" within the meaning of, inter alia, Cal. Com. Code §§ 2105(1) and 10103(a)(8).

177.     Apple is and was at all relevant times a "merchant" with respect to the Class Laptops, under, inter alia, Cal. Com. Code §§ 2104(1) and 10103(c), and a "seller" of the Class Laptops, under § 2103(1)(d); and, with respect to leases, is and was at all relevant times a "lessor" of the Class Laptops, under, inter alia, Cal. Com. Code § 10103(a)(16).

178.     Plaintiffs and Class Members are "buyers" or "lessees" within the meaning of, inter alia, Cal. Com. Code §§ 2103(a) and 10103(a)(14).

179.     When it sold or leased its Class Laptops, Apple extended an implied warranty to Class Members that the subject Laptops were merchantable and fit for the ordinary purpose for which they were sold or leased, pursuant to Cal. Com. Code §§ 2314, 10212, and 10214.

180.     Plaintiffs and other Class Members who purchased a Class Laptop directly from Apple are entitled to the benefit of their bargain: a Laptop with a defect-free display screen.

181.     Apple breached this implied warranty in that its Class Laptops are (1) not fit for ordinary use, and (2) not of a merchantable quality.

182.     Had the Screen Defect that existed at the time of sale been known, the Class Laptops could not have been sold, or could not have been sold at the same price.

183.     As a direct and proximate result of Apple's breach of the implied warranty of merchantability, Plaintiffs and Class Members have been damaged in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
### (Breach of Implied Warranty – Magnuson-Moss Warranty Act)

184.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

185.    Plaintiffs and Class Members are "consumers" as defined in 15 U.S.C. § 2301(3).

186.    Defendant Apple is a "supplier" and "warrantor" as defined in 15 U.S.C. §§ 2301(4) and (5).

187.    The subject Class Laptops are "consumer products" as defined in 15 U.S.C. § 2301(1).

188.    Apple extended an implied warranty to Plaintiffs and Class Members by operation of 15 U.S.C. § 2301(7), and this implied warranty covers defects in its Class Laptops and its Class Laptops' screens.

189.    Apple breached this implied warranty by selling/leasing its Class Laptops with defective screens that were neither merchantable nor fit for their intended purpose.

190.    As a direct and proximate result of Apple's breach of the implied warranty under the Magnuson-Moss Act, Plaintiffs, and the Class, have been damaged in an amount to be proven at trial.

### TENTH CAUSE OF ACTION
#### (Fraud by Concealment)

191.    Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

192.    Plaintiffs bring this cause of action for themselves and on behalf of the Nationwide Class.

193.    Apple concealed and suppressed material facts concerning the quality of the Class Laptops, and the screens in the Class Laptops.

194.    Apple concealed and suppressed material facts concerning the serious Screen Defect causing Class Laptops to manifest the Screen Defect. Upon information and belief, the Screen Defect is latent and lies in the internal mechanisms of the Class Laptops' Screens. Apple knew that Plaintiffs and Class Members would not be able to inspect or otherwise detect the Screen Defect prior to purchasing the Laptops. Apple furthered and relied upon this lack of disclosure to promote payments for temporary "fixes"—all  the while concealing the true nature of cause and Screen Defect from Plaintiffs and Class Members.

195.    Apple concealed and suppressed material facts that point to the nature of the Screen Defect being a faulty screen design, and instead pushed temporary "fixes" like compressed air and Screen replacements costing up to $700.

196.   Apple did so in order to boost confidence in its Class Laptops and falsely assure purchasers that the Class Laptops were durable, reliable, functional, and suitable for professional use, and concealed the information in order to prevent harm to Apple and its products' reputations in the marketplace and to prevent consumers from learning of the defective nature of the Class Laptops prior to their purchase or lease. These false representations and omissions were material to consumers, both because they concerned the quality of the Class Laptops and because the representations and omissions played a significant role in their decisions to purchase or lease the Class Laptops.

197.   Apple had a duty to disclose the Screen Defect in the Class Laptops because it was known and/or accessible only to Apple; Apple had superior knowledge and access to the facts; and Apple knew the facts were not known to or reasonably discoverable by Plaintiffs and Class Members.

198.    Apple also had a duty to disclose because it made many general affirmative representations about the quality, warranty, and lack of defects in the Class Laptops as set forth above, which were misleading, deceptive, and/or incomplete without the disclosure of the additional facts set forth above regarding their actual quality, functionality, and durability. Even when faced with complaints regarding the Screen Defect, Apple misled and concealed the true cause of the symptoms complained of. As a result, Class Members were misled as to the true condition of the Class Laptops once at the time of purchase and again when the Screen Defect was complained of to Apple. The omitted and concealed facts were material because they directly impact the value, appeal, and usability of the Class Laptops purchased by Plaintiffs and Class Members. Whether a manufacturer's products are as stated by the manufacturer, backed by the manufacturer, and usable for the purpose for which they were purchased, are material concerns to a consumer.

199.   Apple actively concealed and/or suppressed these material facts, in whole or in part, to protect its reputation, sustain its marketing strategy, and avoid recalls that would affect the brand's image and cost money, and it did so at the expense of Plaintiffs and Class Members.

200.   On information and belief, Apple has still not made full and adequate disclosure and continues to mislead Plaintiffs and Class Members and conceal material information regarding defects that exist in Apple Laptops.

201.     Plaintiffs and Class Members were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed or suppressed facts, in that they would not have purchased laptops designed and manufactured by Apple or chosen different models not known to possess the Screen Defect. Plaintiffs and Class Members' actions were justified. Apple was in exclusive control of the material facts and such facts were not known to the public, Plaintiffs, or Class Members.

202.     Because of the concealment and/or suppression of the facts, Plaintiffs and Class Members sustained damages because they paid value for the Class Laptops not aware of the Screen Defect that Apple failed to disclose, and they paid for warranty extensions, temporary repairs, and parts to attempt to remedy the Screen Defect. Had they been aware of the concealed Screen Defect that existed in the Class Laptops, Plaintiffs and Class Members would have paid less for their laptops or would not have purchased them at all.

203.     Accordingly, Apple is liable to Plaintiffs and Class Members for damages in an amount to be proven at trial.

204.     Apple's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and Class Members' rights and well-being to enrich Apple. Apple's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## ELEVENTH CAUSE OF ACTION
### Unjust Enrichment

205.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

206.     Apple has been unjustly enriched by Plaintiffs and Class Members purchasing Class Laptops from Apple and purchasing replacement parts and services from Apple that Plaintiffs and Class Members would not have purchased but for Apple's misconduct alleged above with respect to the Screen Defect

207.     Plaintiffs and Class Members unknowingly conferred a benefit On Apple of which Apple had knowledge since Apple was aware of the defective nature of the Class Laptops' Screen Defect and the resultant performance problems but failed to disclose this knowledge and misled

Plaintiffs and Class Members regarding the nature and quality of the Class Laptops while profiting from this deception.

208.   The circumstances are such that it would be inequitable, unconscionable, and unjust to permit Apple to retain the benefit of profits that it unfairly obtained from Plaintiffs and Class Members. These profits include the premium price Plaintiffs and the Class paid for the Class Laptops and the cost of the parts, services, and extended warranties bought from Apple to temporarily alleviate the Screen Defect.

209.   Plaintiffs and Class Members, having been damaged by Apple's conduct, are entitled to recover or recoup damages as a result of the unjust enrichment of Apple to their detriment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief, on behalf of themselves and the proposed Classes:

a.  an order certifying the proposed Classes, designating Plaintiffs as named representatives of the Classes, and designating the undersigned as Class Counsel;

b.  a declaration that the screens are defective;

c.  a declaration that Apple is financially responsible for the notifying all Class Members about the defective nature of the Class Laptops;

d.  an order enjoining Apple from further deceptive distribution and sales practices with respect to the Class Laptops, and to permanently repair the Class Laptops so that they no longer possess the Screen Defect;

e.  an award to Plaintiffs and Class Members of compensatory, exemplary, and statutory damages (except as expressly disclaimed herein), including interest, in an amount to be proven at trial;

f.  a declaration that Apple must disgorge, for the benefit of Plaintiffs and the Class Members, all or part of the ill-gotten profits it received from the sale of the Class Laptops, or make full restitution to Plaintiffs and the Class;

g.  an award of attorneys' fees and costs, under Cal. Code Civ. Proc. § 1021.5, and as otherwise allowed by law;

h.   an award of pre-judgment and post-judgment interest;

i.   leave to amend this Complaint to conform to the evidence produced at trial; and

j.   such other and further relief as the Court may deem appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

DATED: September 14, 2021                                    Respectfully submitted,

By: */s/Selin Demir*

MIGLIACCIO & RATHOD LLP
Selin Demir, Esq. (SBN 331418)
Nicholas Migliaccio*
Jason Rathod*
388 Market Street
Suite 1300
San Francisco, CA 94111
Telephone: (415) 489-7004
Facsimile: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Robert Mackey, Esq. (SBN 125961)
Law Offices of Robert Mackey
16320 Murphy Road
Sonora, CA 95370

*pro hac vice* application forthcoming

*Attorneys for Plaintiffs*